Randall G. Simpson
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
Telephone: (907) 563-8844

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA LABORERS-EMPLOYERS RETIREMENT FUND, ALASKA LABORERS-CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, ALASKA LABORERS-CONSTRUCTION INDUSTRY TRAINING FUND, AND THE ALASKA LABORERS-CONSTRUCTION INDUSTRY LEGAL SERVICES FUND,<br><br>Plaintiffs,<br>vs.<br><br>MARATHON CONSTRUCTION, INC.,<br><br>Defendant. | Case No. 3:14-cv-_____ |

## COMPLAINT

COME NOW Plaintiffs, by and through their attorneys, JERMAIN, DUNNAGAN & OWENS, P.C., and for their cause of action against the Defendant, complain and allege as follows:

### I.
### INTRODUCTION

1. **Cause of Action.** This action arises under §§ 502(a)(3), 502(e)(1) and 515 of the Employee Retirement Income Security Act, *as amended*, 29 U.S.C. §§ 1132(a)(3),

1132(e)(1) and 1145, hereinafter referred to as "ERISA," and Section 301 of the Taft-Hartley Act (29 U.S.C. §§ 1132 ad 185). Jurisdiction is founded on the existence of questions arising thereunder.

## II.
## THE PARTIES

2. **Plaintiffs.** Plaintiffs are the Alaska Laborers Retirement Trust Fund, Alaska Laborers Construction Industry Health Trust Fund, Training Trust Fund and Legal Trust Fund.

3. **Standing.** The Plaintiffs are entitled to bring this suit pursuant to § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).

4. **Defendant.** Upon information and belief, Defendant Marathon Construction, Inc. has done business in the state of Alaska at the time of the events set forth in this complaint.

5. At all times relevant to this suit, Defendant Marathon Construction, Inc., was an employer as that term is defined at § 3(5) of ERISA, 29 U.S.C. § 1002(5).

## III.
## ERISA CAUSE OF ACTION

6. Defendant Marathon Construction, Inc. is, and has been at all times relevant to this complaint, signatory to a Collective Bargaining Agreement ("CBA") with Laborers International Union of North America, Local 341 (Union), as that term is referenced at § 515 of ERISA, 29 U.S.C. § 1145. Said CBA requires compliance with the terms of trust agreement ("Trust Agreement") that pertain to pension, health and welfare and training benefits. The Trust Agreement of the respective Plaintiff Trust Funds are a writing that complies in all respects with requirements of § 302 of the LMRA, 29 U.S.C. § 186(c)(5).

7. Pursuant to the CBA and Trust Agreements to which Defendant Marathon Construction, Inc. is or was bound for the relevant time periods, Defendant employed persons within the trade and territorial jurisdiction of the CBA, and thereby became obligated to submit timely reports and pay employer benefit contributions on bargaining unit employees as required by said Agreements to the Plaintiff Trust Funds on a monthly basis.

8. The Trust Agreements require Defendant to report all hours worked by all covered employees and to make monthly contributions to the Pension, Health and Security and Training Funds as set forth in the CBA and Associate Agreement.

9. The Trust Agreements and § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g) requires Defendant Marathon Construction, Inc. to provide Plaintiff Trust Funds with access to employer payroll records to conduct an audit of defendant's payroll records to insure full compliance with reporting and contribution responsibility to Plaintiff Trust Funds..

10. Defendant Marathon Construction, Inc. is required to make reports and tender contributions in accordance with the terms of the Trust Agreement and pay interest on any unpaid contributions to the health plan of Plaintiff as well as reasonable attorney fees and those costs incurred where defendant has failed to fully comply with the CBA.

11. Plaintiffs Trust Funds have fully performed all necessary obligations and duties under said Trust Agreements.

12. Defendant Marathon Construction, Inc. has breached the CBA and the Trust Agreement in the following respects:

(a) by refusing to allow auditors retained by Plaintiffs Trust Funds access to or permission to review employer's payroll records for relevant months of its 2012-2013 job agreement with Union.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

(b) by failing to demonstrate complete and full payment of employee benefit contributions due under the CBA with Union.

WHEREFORE, Plaintiffs pray for judgment against Defendant Marathon Construction. Inc. as follows:

1. That Defendant be ordered to submit its payroll records on its employees for the relevant months of 2012 and 2013.

2. That this Court enter judgment against Defendant Marathon Construction, Inc. awarding Plaintiffs Trust Funds any delinquent contributions owing as proven at trial, plus interest at the contract rate of twelve percent (12%) per annum, liquidated damages, costs and attorney fees in accordance with the terms of the CBA, Trust agreements, and 29 U.S.C. §1132(g)(2).

3. For such other and further relief as the Court deems just and equitable in the circumstances.

DATED at Anchorage, Alaska on the 21st day of May, 2014.

JERMAIN DUNNAGAN & OWENS, P.C.
Attorneys for Plaintiffs

By: /s/ Randall G. Simpson
Randall G. Simpson
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
Telephone: (907) 563-8844
Fax: (907) 563-7322
Email: rsimpson@jdolaw.com
ABA No. AK Bar No. 7710166

486895/92000.664